Laura A. Thornberry
9305 Wellington Park Circle
Tampa, Florida 33647
Telephone 813.973.4269
jbthornberry@aol.com
Plaintiff, Pro per

FILED

11 AUG 29 AM 11: 22

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| LAURA A. THORNBERRY, ) | CIVIL ACTION NO. |
| Plaintiff, Pro per ) | 8:11-CV-1954-T-33AEP |
| v. ) | VERIFIED COMPLAINT, |
| JAFFE & ASHER, L.L.P. ) | STATEMENT OF CLAIM AND |
| Defendant, ) | STATEMENT UPON WHICH |
| ) | RELIEF CAN BE GRANTED |
| _____ / | TRIAL BY JURY DEMANDED |

COMES NOW the Plaintiff, LAURA A. THORNBERRY, respectfully submits her Verified Complaint, Statement of Claim and Statement upon Which Relief Can Be Granted in this Honorable Court against the Defendant, JAFFE & ASHER, L.L.P., and states as follows:

At all times the Plaintiff is a resident of Hillsborough County, State of Florida.

Plaintiff, LAURA A. THORNBERRY, hereby sues Defendant, JAFFE & ASHER, L.L.P., and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.* and The Fair Credit Reporting Act 15 USC Section §1681, *et seq.*

## PARTIES

2. The Defendant, Jaffe & Asher, LLP, 600 Third Ave., New York, NY 10016, is a 3rd party debt collector and New York full-service, civil law firm which also includes debt collection and as such is governed under the law by The Fair Debt Collection Practices Act 15 USC Section §1601, *et seq.* and The Fair Credit Reporting Act 15 USC Section §1681, *et seq.* Its principle place of business is in the State of New York and outside the state of Florida.

3. Thornberry contends that Jaffe & Asher, L.L.P. violated the FCRA by obtaining, without any FCRA-sanctioned purpose, a credit report on her from TransUnion, a credit reporting agency.

4. Thornberry also argues that TransUnion violated the FCRA by furnishing the report to Jaffe & Asher, L.L.P. Exhibit 1 (A), Plaintiff's TransUnion initial credit report.

## JURISDICTION AND VENUE

5. The State of FLORIDA abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court through, specifically, The Fair Debt Collection Practices Act 15 USC Section §1601, *et seq.* and The Fair Credit Reporting Act § 618 15 USC §1681, *et seq.*

6. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

7. The Plaintiff, Laura A. Thornberry ["Plaintiff" or "Thornberry"], is a natural person and at all times is a resident of the State of Florida and the County of Hillsborough.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. On September 7, 2010, Jaffe & Asher initiated a hard pull of Plaintiff's credit report from TransUnion without permissible purpose, thereby reducing her credit score and defaming her character.

10. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

11. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, any alleged account is not in question here.

12. The Plaintiff requested and received a copy of her credit reports from Experian, Equifax and TransUnion on or about June 4, 2011 in the normal course of her financial business.

13. Upon inspection of her TransUnion report the Plaintiff observed that JAFFE & ASHER, L.L.P. was listed on the Plaintiff's TransUnion credit report under "Regular Inquiries" with a "Permissible Purpose: COLLECTION." This represents a "hard pull" without authorization.

14. To the best of Thornberry's recollection, JAFFE & ASHER, L.L.P. has never contacted the Plaintiff for any reason.

15. To the best of Thornberry's recollection the Plaintiff has not now or ever had any business affiliation or relationship with JAFFE & ASHER, L.L.P., or has ever applied for any type of mortgage, loan, credit card or insurance or employment with the Defendant.

16. JAFFE & ASHER, L.L.P. did obtain a credit report on Thornberry without any related transaction or contractual relationship.

17. As JAFFE & ASHER, L.L.P. did obtain a credit report for debt collection efforts unrelated to a proper credit transaction, it violated the FCRA.

18. Plaintiff did contact JAFFE & ASHER, L.L.P. on or about June 17, 2011 to request sufficient documentation that would support their inquiry. (Exhibit 2, Letter to Jaffe & Asher June 17, 2011)

19. Thornberry's contact with JAFFE & ASHER, L.L.P. was via USPS CERTIFIED MAIL # 70091410000003484432. (Exhibit 3, USPS proof of delivery verification of June 17, 2011 letter)

20. To date, Thornberry has not received any reply communications from JAFFE & ASHER, L.L.P. to provide any documentation that would validate their inquiry as permissible.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), § 604. PERMISSIBLE PURPOSES OF CONSUMER REPORTS [15 U.S.C. § 1681B] BY DEFENDANT

21. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 20.

22. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

23. According to the Fair Credit Reporting Act, § 604. Permissible purposes of consumer reports [15 U.S.C. § 1681b]. Additionally, *Section 619 provides criminal sanctions against any person who knowingly and willfully obtains information on a consumer from a CRA under false pretenses.*

>   (2) In accordance with the written instructions of the consumer to whom it relates
>
>   No permissible purpose to pull the report.

24. On or about September 7th, 2010, the Defendant performed an inquiry into the Plaintiff's TransUnion report. There is no existing contract and the Defendant has not provided acceptable

proof of any alleged debt subsequently violating the following in the FCRA. There was no authorization by the JAFFE & ASHER, L.L.P. to pull the Plaintiff's TransUnion report.

25. Plaintiff demands Judgment in the amount of $1,000.00.

## COUNT II

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

## WILLFUL NON-COMPLIANCE BY DEFENDANT JAFFE & ASHER

26. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 25.

27. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

28. According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n],

   (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000,
   
   (2) such amount of punitive damages as the court may allow; and
   
   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

29. Plaintiff has a negative TransUnion credit score as of this date and has been denied credit and/or insurance at reasonable rates and the willful noncompliance actions and/or inactions of the defendant is a contributory factor by making an unauthorized "hard pull" on Plaintiff's report and leaving it there for 12 months currently.

30. Plaintiff demands Judgment in the amount of $1,000.00 for each month that Defendant willfully violated the act by leaving their "hard pull" on Plaintiff's TransUnion credit report.

31. Judgment amount demanded equals $12,000 plus costs and fees and punitive damages as allowed by the court pursuant to 15 U.S.C. §1681n.

## COUNT III

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681o

## NEGLIGENT NON-COMPLIANCE BY DEFENDANT JAFFE & ASHER

32. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 31.

33. According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]:

> (a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure; (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

34. Plaintiff has a negative TransUnion credit score as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant is a contributory factor by making a "hard pull" on Plaintiff's report and leaving it there for 12 months.

35. Plaintiff has suffered injury in the form of Defamation of character and demands judgment of $50,000 for same.

36. Plaintiff demands Judgment in the amount of $1,000.00 for each month that Defendant negligently violated the act by leaving their "hard pull" on Plaintiff's TransUnion credit report.

37. Additional judgment amount demanded equals $12,000 plus costs and fees and punitive damages as allowed by the court pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

38. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 37.

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## CONCLUSION

The Plaintiff has contacted by certified US Mail the credit reporting agency TransUnion in this matter: TransUnion with a letter of dispute and TU has responded with no changes in the report and that the "JAFFE & ASHER inquiry will remain on my credit report for two (2) years." See Exhibit 1 (B). The Defendant has damaged the Plaintiff's Credit Report, Credit Scores, and has committed Defamation of Character per se' against the Plaintiff.

Plaintiff in addition to contacting TransUnion has contacted JAFFE & ASHER but has not been replied to and has been ignored in these matters thus leaving the Plaintiff no alternative but to seek relief through this Honorable Court.

This Honorable Court may well wish to consider criminal sanctions against JAFFE & ASHER if it feels that Defendant violated Section 619, knowingly and willfully obtains information on a consumer from a CRA under false pretenses.

**WHEREFORE,** the Defendant has violated the Fair Credit Reporting Act through Counts I, II & III, Plaintiff demands judgment in the amount of $75,000.00 for JAFFE & ASHER, L.L.P.'s violations of the FCRA, plus all costs of this action along with punitive damages in the amount of $50,000.00 or as the court may allow along with Private Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997).*

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

A. A settlement agreement between the Plaintiff and the Defendant that the Defendant shall

remove any derogatory information and inquiries from all four major credit-reporting agencies Trans Union, Equifax, Experian and Innovis and any other known credit reporting agencies JAFFE & ASHER, L.L.P. has used now or may use in the future.

B. Defendant must also provide a letter and or Universal Data Form indicating that they have done this and send same to the Plaintiff.

C. The Defendant must cease and desist any further collection activities and/or inquiries if applicable against the Plaintiff and the Defendant may not sell or transfer of any alleged account to any other Collection Agency or Attorney or entity now or in the future.

D. Payment of $75,000.00 for defendant violations.

E. Private Attorney General fees of $3000.00 must be paid to the Plaintiff.

F. Damages as allowed by the Court. Plaintiff is requesting punitive damages in the amount of $50,000.00 and related costs or as the Court does allow.

Prepared and Respectfully submitted, with a prayer for Divine Intervention in these matters, for who we are and who we represent in all aspects and issues before the court, activation of Divine Law, through Decree, Divine Right Order®.

Respectfully submitted this 29th day of August 2011.

*Laura A. Thornberry*

Laura A. Thornberry

9305 Wellington Park Circle

Tampa, FL 33647

Telephone 813-973-4269

Fax 813-973-8497

jbthornberry@aol.com

# EXHIBIT 1 (A) & (B)

Exhibit 1 (A) Plaintiff's TransUnion credit report June 4, 2011

2 pages

Exhibit 1 (B) Plaintiff's TransUnion credit report June 23, 2011

2 pages