UNITED STATES DISTRICT COURT

For the Middle District of Florida

Case No.:  8:11-cv-1954-T-33-VMC-AEP


LAURA A. THORNBERRY

       Plaintiff Pro per,

v.

JAFFE & ASHER LLP

       Defendant,

_____/


**<u>DEFENDANT'S DECLARATION IN OPPOSITION TO PLAINTIFF"S MOTION FOR
ENTRY OF DEFAULT ANF FOR LEAVE TO FILE A RESPONSIVE PLEADING</u>**


STATE OF NEW YORK     )
                          ) ss.:
COUNTY OF NEW YORK  )

       GREGORY E. GALTERIO, being duly sworn, deposed and says:

       1.    I am a member of Jaffe & Asher, LLP ("Jaffe & Asher"), defendant in this action, and as such, I am fully familiar with the facts and circumstances set forth herein.

       2.    I submit this affidavit in support of Defendant's Opposition to Plaintiff's Motion For Entry of Default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("FRCP").

**<u>PRELIMINARY STATEMENT</u>**


1

3.    As demonstrated below, Plaintiff's Motion For Entry Of Default should be denied in its entirety because Jaffe & Asher was never personally served with the pleadings in this action, as required by the Honorable Magistrate Anthony E. Porcelli's December 14, 2011 Order (the "12/14 Order").

4.    The 12/14 Order mandated that the United States Marshal first serve Jaffe & Asher, via certified mail, a Waiver of Service of Summons.  Then, if the Waiver remained unsigned for thirty days, the Marshal was required to "personally serve" Jaffe & Asher.

5.    Here, the record indicates that the Marshal served the Waiver by certified mail on December 23, 2011.  However, Jaffe & Asher never signed or returned the Waiver of Service of Summons and the Marshal never personally served Jaffe & Asher.  The Court's Docket is devoid of any certificate of service, or other forms of evidence, evidencing that Jaffe & Asher either signed the Waiver of Service or was personally served.

6.    Accordingly, Plaintiff's motion should be denied in its entirety.

## PROCEDURAL HISTORY

7.    Plaintiff commenced the instant action against Jaffe & Asher by filing its complaint on August 29, 2011.

8.    On December 14, 2011, the Honorable Magistrate Anthony E. Porcelli issued the 12/14 Order directing the United States Marshal to serve Jaffe & Asher a Request for Waiver of Service of Summons.  (Attached hereto as Exhibit "A" is a copy of the 12/14 Order.  See 12/14 Order at Par. 1.)

9.    The 12/14 Order stated that "Defendants shall have THIRTY (30) DAYS from the date that the Waiver of Service of Summons was sent to return the Waiver of Service of Summons, if they chose to do so."  See 12/14 Order at Par. 2.

2

10.     The 12/14 Order further stated that "If Defendants do not return the Waiver of Service of Summons, the Marshal is directed to personally serve Defendants and charge Defendants for the costs of service."  See 12/14 Order at Par 4.

11.     The Court Docket indicates that the Request For Waiver of Service was delivered to Jaffe & Asher, via certified mail, on December 23, 2012.  However, Jaffe & Asher never signed or received the Waiver.  Attached hereto Exhibit "B" are copies of the unsigned "Request for Waiver of Service" numbered "Document 8" on the Court Docket, and the "Return of Service" (of the Waiver of Service of the Summons) numbered "Document 9" on the Court's Docket.

12.     The Marshal <u>never</u> personally served a copy of the Complaint upon Jaffe & Asher, as required by the 12/14 Order

## LEGAL ARGUMENT

### *Jaffe & Asher Has Not Defaulted Because It Never Acknowledged Service and Was Never <u>Personally Served As Mandated By The Court</u>*

13.     An entry of default is improper where the defendant is not properly served. <u>Bank of New York v. Brunsman</u>, 683 F. Supp. 2d 1300, 1303 (M.D. Fla. 2010);  (Default not proper where third party defendant was never served in compliance with FRCP 4) <u>Smith v. Pure</u>, 807-CV-1140-T24 MSS, 2007 WL 2972949 (M.D. Fla. Oct. 9, 2007) (entry of default set aside where Defendant's process server failed to personally serve the defendant)  <u>See</u> also <u>Sams Food Store, Inc. v. Alvarez</u>, 443 So.2d 211, 212 (Fla. 3d DCA 1983) ("Upon finding that the defendant had never been served with process, the trial court was required to conclude as a matter of law that the default was entered without jurisdiction over the defendant"); <u>United States v. Varmado</u>, 342 Fed.Appx. 437, 438 (11th Cir.2009) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void").

3

14.     Here, Jaffe & Asher was merely served a copy of the Waiver of Service of the Summons, but never personally served a copy of the pleadings.

15.     There is no record on the docket or elsewhere indicating that Jaffe & Asher was ever personally served with the pleadings in this action. Nor is there a Certificate of Service establishing personal service of the pleadings. Moreover, Jaffe & Asher would never fail to answer, or otherwise move, in response to a properly served Summons and Complaint.

16.     Thus, Jaffe & Asher was never served, never defaulted in this action, and the Plaintiff is not entitled to an entry of default.

**Plaintiff's Motion Should Be Denied Because**
**Jaffe & Asher Has A Meritorious Defense**

17.     Although not germane to the instant motion, it should be noted that Plaintiff's complaint is entirely without merit and subject to a meritorious defense. Plaintiff's complaint appears to allege that Jaffe & Asher violated the Fair Credit Reporting Act, 15 U.S.C. 1681 (the "FCRA"), by pulling Plaintiff's credit without a permissible purpose. However, Jaffe & Asher did have a permissible purpose and was authorized to pull plaintiff's credit report as the attorney for one of plaintiff's creditors, attempting to collect a debt on its behalf.

18.     15 U.S.C 1681(b) permits credit reports to be disclosed to any person who:

> **(A)**     intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> **(F)** otherwise has a legitimate business need for the information—"

19.     It is clear that a "permissible purpose" for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) includes the right of a collection agency retained by a creditor

4

to collect on an account of the consumer. *See* 15 U.S.C. § 1681b(a) (3)(A). <u>Hinkle v. CBE Group</u>, CV 311-091, 2012 WL 681468 (S.D. Ga. Feb. 3, 2012).

20.     Here, Jaffe & Asher clearly had a permissible purpose to pull Plaintiff's credit because it was attempting to collect a debt on behalf of its client, American Express, which was a creditor of Plaintiff.

***Jaffe & Asher Is Agreeable***
***To Waiving Service***

21.     The Waiver of Service was inadvertently misplaced by our paralegal and no attorney was ever notified of this action, until we received the instant motion for entry of default. Moreover, Jaffe & Asher routinely agrees to waive service in actions commenced in Federal court, and would never fail to answer, or otherwise move, in response to a properly served Summons and Complaint.

22.     Accordingly, if the Court allows, Jaffe & Asher would agree to execute a waiver of service and answer or otherwise file a responsive motion to the Complaint, within twenty (20) days thereafter.

## CONCLUSION

23.     In sum, Plaintiff's motion should be denied because Jaffe & Asher was never served with the Complaint in accordance with the 12/14 Order .

**WHEREFORE**, it is respectfully requested that this Court deny Plaintiff's Motion For Entry of Default.

_____

Gregory E. Galterio

Sworn to before me this
7th day of March, 2012

NOTARY PUBLIC

DAVID R. SHYER
NOTARY PUBLIC-STATE OF NEW YORK
No. 31-02SH6136651
Qualified in New York County
My Commission Expires January 04, 2014