UNITED STATES DISTRICT COURT

For the Middle District of Florida

Case No.: 8:11-cv-1954-T-33-VMC-AEP

LAURA A. THORNBERRY

    Plaintiff Pro per,                           **ANSWER**

v.

JAFFE & ASHER LLP

    Defendant,

_____/

Defendant, Jaffe & Asher LLP (hereinafter referred to as "J&A"), by its attorneys, Henschel & Beinhaker, P.A., hereby Answers the Complaint of Plaintiff as follows:

## PRELIMINARY STATEMENT

1.     J&A denies the allegations contained in paragraph 1 of Plaintiff's Complaint except to admit that Plaintiff purports to be seeking damages for alleged violations of the Fair Credit Reporting Act ("FCCRA").

## PARTIES

2.     J&A admits to the allegations contained in paragraph 2 of Plaintiff's Complaint to the extent that Defendant J&A is a law firm located Third Avenue, with its principal place of business in the state of New York, and refers all questions of law to this honorable Court.

3. J&A denies the allegations contained in paragraph 3 of Plaintiff's Complaint except to admit that Plaintiff purports that J&A violated the FCRA.

4. J&A denies the allegations contained in paragraph 4 of Plaintiff's Complaint except to admit that Plaintiff purports that "TransUnion" violated the FCRA.

## JURISDICTION AND VENUE

5. J&A admits the allegations contained in paragraph 5 of Plaintiff's Complaint, but refers all questions of law to this honorable Court.

6. No factual allegation is alleged in paragraph 6 of Plaintiff's Complaint and therefore, no response is required to the allegations contained therein.

7. J&A denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. J&A denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court.

## FACTUAL ALLEGATIONS

9. J&A denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. J&A admits to the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. J&A denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint

12. J&A denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. J&A denies the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. J&A denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. J&A denies knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. J&A denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. J&A denies the allegations contained in paragraph 17 of Plaintiff's Complaint and refers all questions of law to this honorable Court..

18. J&A admits to the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. J&A denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. J&A denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

## COUNT I

**Violation of the Fair Credit Reporting Act(FCRA), S. 604. Permissible Purpose of Consumer Reports [15 U.S. S. 1681B] By Defendant**

21. In response to numbered paragraph 21 of Plaintiff's Complaint, J&A repeats its above answers to Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. J&A denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of Plaintiff's Complaint and refers all questions of law to this honorable Court.

23. J&A refers all questions of law to this honorable Court. No factual allegation is alleged in paragraph 23 of Plaintiff's Complaint and therefore, no response is required to the allegations contained therein.

24. J&A denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. J&A denies the allegations contained in paragraph 25 of Plaintiff's Complaint except to admit that Plaintiff seeks judgment in the amount of $1,000.00.

## COUNT II

### Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681

### Willful Non-Compliance By Defendant Jaffe & Asher

26. In response to numbered paragraph 26 of Plaintiff's Complaint, J&A repeats its above answers to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. J&A denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of Plaintiff's Complaint and refers all questions of law to this honorable Court.

28. J&A refers all questions of law to this honorable Court. No factual allegation is alleged in paragraph 28 of Plaintiff's Complaint and therefore, no response is required to the allegations contained therein.

29. J&A denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. J&A denies the allegations contained in paragraph 30 of Plaintiff's Complaint except to admit that Plaintiff seeks judgment in the amount of $1,000.00.

31. J&A denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

## COUNT II

### Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681o

### Negligent Non-Compliance By Defendant Jaffe & Asher

32. In response to numbered paragraph 32 of Plaintiff's Complaint, J&A repeats its above answers to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. J&A refers all questions of law to this honorable Court. No factual allegation is alleged in paragraph 31 of Plaintiff's Complaint and therefore, no response is required to the allegations contained therein.

34. J&A denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. J&A denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. J&A denies the allegations contained in paragraph 36 of Plaintiff's Complaint except to admit that Plaintiff seeks judgment in the amount of $1,000.00.

37. J&A denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

38. In response to numbered paragraph 38 of Plaintiff's Complaint, J&A repeats its above answers to Paragraphs 1 through 37 of the Complaint as if fully set forth herein and admits that Plaintiff demands a trial by jury.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant had a "permissible purpose," pursuant to 15 U.S.C. 1681, for obtaining a copy of Plaintiff's consumer report in that it was retained by one of Plaintiff's creditors to collect an unpaid debt.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to reasonably mitigate her damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to any recovery from J&A, such amounts should be reduced and offset by the damages suffered by J&A.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by Plaintiff's wrongful conduct.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by Federal law.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by lack of personal jurisdiction.

**WHEREFORE**, J&A respectfully requests that this Court enter judgment:

1. That the Complaint be dismissed with prejudice;

2. That Defendant be awarded its costs and disbursements in this action, together with attorneys' fees; and

3. That this Court award Defendant such other and further relief as it may deem appropriate in this circumstance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by U.S. Mail to Plaintiff, Laura A. Thornberry, 9305 Wellington Park Circle, Tampa, Fl 33647. and to the Clerk of Court this __7__ day of __May__, 2012.

HENSCHEL &
BEINHAKER, P.A.
3475 Sheridan St., Ste. 305
Hollywood, Florida 33021
(954) 964-4780

By: _____
DREW BEINHAKER, ESQ.
FBN: 0163538